UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| Brian P. Leavitt and Amanda L. Riendeau,<br><br>Plaintiffs,<br>v.<br><br>SONOCO HEALTH AND GROUP BENEFITS PLAN, SONOCO PRODUCTS COMPANY, and METROPOLITAN LIFE INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 1:20-cv-00426-LEW<br><br>PLAINTIFFS' FIRST AMENDED COMPLAINT |

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

NOW COME the Plaintiffs, Brian P. Leavitt (hereinafter "Brian P.") and Amanda L. Riendeau (hereinafter "Amanda"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 15(a)(1)(B) amend their complaint as a matter of course against the Defendants, Sonoco Health and Group Benefits Plan (hereinafter the "Plan"), Sonoco Products Company (hereinafter "Sonoco"), and Metropolitan Life Insurance Company (hereinafter "MetLife") and allege as follows:

**NATURE OF THE ACTION**

1. Brian P. Leavitt and Amanda L. Riendeau, as the surviving issue of Brian M. Leavitt, bring this action pursuant to pursuant to ERISA 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), and further allege breach of contract to recover supplemental life insurance benefits due under the Sonoco Health and Group Benefits Plan (the "Plan"). The Plan includes a group life insurance policy underwritten, funded and co-administered by Metropolitan Life Insurance Company ("MetLife"). The Plan is also sponsored and co-administered by Sonoco Products Company. While

1

working as an employee at Sonoco for 33 years, Brian M. Leavitt completed all forms necessary for enrollment and was enrolled in the Plan. Sonoco summarily deducted required premium payments from Brian M. Leavitt's paychecks, and MetLife likewise accepted all premium payments. Nonetheless, the Plan, Sonoco and MetLife now refuse to tender $196,000.00 in benefits owed to Plaintiffs' under Brian M. Leavitt's supplemental life insurance policy. Accordingly, Amanda and Brian P. seek full payment of the benefits due and owing to them, as well as attorneys' fees, costs and prejudgment interest.

## PARTIES

2.	Plaintiff, Amanda L. Riendeau, is an individual with a residence at 63-A Brooks Pond Road, Corinna, Maine 04928. Amanda is the daughter of the late Brian M. Leavitt who, prior to his death on January 29, 2015, was employed at Sonoco Products Company.

3.	Plaintiff Brian P. Leavitt is an individual with a residence at 858 Main Street, Pittsfield, Maine 04967. Brian P. is the son of the late Brian M. Leavitt.

4.	Upon information and belief, Defendant Sonoco Health and Group Benefits Plan is defined as the group insurance benefits plan executed by and between Sonoco and MetLife with an address c/o Sonoco Products Company, One North Second Street; Hartsville, South Carolina 29550. The Plan is an employee welfare benefits plan under ERISA §3(1), 29 U.S.C. §1002(1), and is underwritten, funded and co-administered by MetLife, and sponsored and co-administered by Sonoco. At all relevant times, Sonoco was named the Plan Administrator and named fiduciary of the Plan.

5.	Upon information and belief, Defendant Sonoco Products Company is a corporation incorporated under the laws of the State of South Carolina and maintains its headquarters and principal place of business at One North Second Street, Hartsville, South

Carolina 29550. Sonoco is a global provider of consumer packaging, industrial products and packaging supply chain services. At all relevant times, Sonoco was and continues to be qualified to conduct business in the State of Maine and maintains a factory in Pittsfield, Maine.

6. Upon information and belief, Defendant Metropolitan Life Insurance Company is a corporation incorporated under the laws of the State of Delaware and maintains its headquarters and principal place of business at 200 Park Avenue, New York, New York 10166. MetLife provides life insurance, annuities, employee benefits, and asset management services in the United States. At all relevant times, MetLife was and continues to be qualified to conduct business in the State of Maine and maintains an office in Portland, Maine.

## JURISDICTION AND VENUE

7. This Court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States; specifically, the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because the events giving rise to the claim occurred in the State of Maine and under Local Rule 3(b) because the Plaintiffs live in the Counties of Somerset and Penobscot, respectively, State of Maine.

## FACTS COMMON TO ALL COUNTS

A. **Brian M. Leavitt's Employment At Sonoco Products Until His Death**

9. Sonoco is a provider of consumer packaging, industrial products and packaging supply chain services with a facility located in Pittsfield, Maine.

10. From approximately the Fall of 1985, until his death on January 29, 2016, Brian M. Leavitt was an employee of Sonoco.

11. On December 16, 2014, Brian M. Leavitt was forced to cease working full-time at Sonoco due to a workplace injury. Upon information and belief, Brian M. Leavitt's employment with Sonoco did not terminate until his death on January 29, 2016.

12. On May 18, 2015, Brian M. Leavitt applied for and was granted Short-Term-Disability Benefits under his Disability Benefits plan with Sonoco Products.

13. On June 14, 2015, Brian M. Leavitt applied for Long-Term Disability benefits under his disability plan with Sonoco Products.

14. At the time of Brian M. Leavitt's death, over 7-months later, his application for Long-Term disability benefits had not yet been approved.

15. Brian M. Leavitt died on January 29, 2016. Brian M. Leavitt is survived by his daughter, Amanda L. Riendeau, and his son, Brian P. Leavitt.

**B.  Sonoco and MetLife's Execution Of the Group Benefits Plan**

16. Sonoco and MetLife executed a legal contract establishing the Plan. Under the provisions of the contract, the Plan was underwritten, funded and co-administered by MetLife. The Plan was sponsored and co-administered by Sonoco.

17. The Plan provides group insurance benefits to all qualified Sonoco employees, including life insurance, supplemental life insurance, and dependent life insurance benefits. The Summary Plan Description for Basic Life, Supplemental Life and Dependent Life insurance is attached hereto as "Exhibit A."

**C.  The Defendants' Administrative And Fiduciary Responsibilities Under The Plan**

18. Although the Plan names Sonoco as Plan Administrator and Plan Fiduciary, Sonoco and MetLife share administrative responsibilities and duties. Specifically, MetLife is granted the sole responsibility for administering all claims and benefit entitlements under the Plan. As set forth

in the Plan contract, MetLife's administrative and fiduciary responsibilities include: (1) Resolving all matters when a review pursuant to the claims procedures is requested; (2) interpreting, establishing, and enforcing, rules and procedures for the administration of the Policy and any claim under it; and (3) determining eligibility of Employees and Dependents for benefits and their entitlement to, and the amount of, benefits under the Policy.

19. Sonoco's express administrative and fiduciary responsibilities under the Plan include: (1) Appointing or employing those parties necessary to administer the Plan; (2) Prescribing the rules and procedures under which the Plan shall operate; (3) Communicating with employees about their participation in the Plan; (4) Reviewing and approving any financial or other reports prepared by any party appointed to administer the plan; (5) Establishing a funding policy consistent with the purposes of the Plan and ERISA; and (6) Amending, terminating or suspending the Plan in accordance with the procedure set forth herein.

20. The Plan also placed upon Sonoco the responsibility of maintaining accurate records. The Plan provides that an employee's insurance coverage would not be invalidated due to a clerical error committed by Sonoco in a situation where an employee informed Sonoco of his intention to enroll in the Plan.

**D.    Brian M. Leavitt's Enrollment In The Plan**

21. Prior to his death, Brian M. Leavitt completed an enrollment form for life insurance benefits under the Plan. The enrollment form was provided to Sonoco by MetLife, and distributed by Sonoco to its employees.

22. Under the Plan, Brian M. Leavitt was entitled to a death benefit equivalent to his annual salary. On the MetLife enrollment form, Brian named Amanda L. Riendeau as 50% primary beneficiary and Brian P. Leavitt as 50% primary beneficiary.

23. Upon information and belief, Brian M. Leavitt was successfully enrolled in the Plan on the date of his death.

### E. Brian M. Leavitt's Election Of Supplemental Life Insurance

24. Brian M. Leavitt's life insurance policy provided for Supplemental Life Insurance Benefits; adding supplemental life insurance up to three times his salary, as allowed under the terms of the Plan.

25. Brian M. Leavitt again listed his children, Amanda and Brian P., as his primary beneficiaries as to the Supplemental Life Insurance Benefits.

26. Sonoco deducted the requisite increased premium payments from Brian's paychecks for the supplemental life insurance coverage.

27. The premium payments deducted from Brian's paychecks were in turn forwarded to MetLife. MetLife accepted and applied the additional premiums to the coverage without question or comment.

### F. MetLife's Payment of Basic Life Insurance Claim and Denial of Amanda and Brian P.'s Claim for Supplemental Life Insurance Benefits

28. MetLife tendered $64,000.00 to Amanda and Brian P.'s claim pursuant to the basic life insurance policy. However, on March 1, 2016, MetLife denied Amanda and Brian P.'s claim for benefits under the supplemental life insurance policy. In a letter dated March 1, 2016, MetLife asserted that because Brian M. Leavitt was "totally disabled" he was required to provide proof of disability to MetLife within 12 months of becoming totally disabled in order to maintain supplemental life insurance coverage benefits. MetLife further asserted that because proof of disability was never submitted, the Plaintiffs' supplemental life insurance claim was denied.

29. Upon information and belief, no determination as to Brian M. being totally disabled was made prior to his passing. Neither Sonoco nor MetLife informed Brian M. of any additional

requirements to order to maintain supplemental life insurance benefits upon his leaving work due to a workplace injury. Moreover, upon information and belief, for a period after leaving active work, Sonoco continued to pay, and MetLife continued to process, premium payments for Brian M.'s life insurance coverages.

30. The Summary Plan Document provides that:

AT THE POLICYHOLDER'S OPTION

The Policyholder has elected to continue insurance by paying premiums for employees who cease Active Work in an eligible class for any of the reasons specified below.

1. if You cease Active Work due to injury or sickness, for a period in accordance with the Policyholder's general practice for an employee in Your job class;

2. if You cease Active Work due to layoff, for a period in accordance with the Policyholder's general practice for an employee in Your job class;

3. if You cease Active Work due to strike, for a period in accordance with the Policyholder's general practice for an employee in Your job class;

4. for the period You cease Active Work in an eligible class due to any other Policyholder approved leave of absence, for a period in accordance with the Policyholder's general practice for an employee in Your job class.

The Policyholder's general practice for employees in a job class determines which employees with the above types of absences are to be considered as still insured and for how long among persons in like situations.

31. Total Disability, as defined by the Plan, means "that due to an injury or sickness: You are expected never again to be able to do your job; and You are expected never again to be able to do any work at all for wage or profit." Brian M., per the definition of the Plan, was never totally disabled prior to his death. Further, Sonoco as the Administrator of the Plan had a duty to notify MetLife in the event of total disability.

32. Until his death, Brian M. reasonably believed that MetLife and Sonoco were satisfied as to his insurability with respect to his Supplemental Life Insurance benefits. MetLife and Sonoco also implicitly represented to Brian M. that his election of supplemental life insurance continued to the date of his death.

**G.  Brian and Amanda's Appeal of MetLife's Denial**

33. Written notice of intent to file an appeal was sent to MetLife on April 27, 2016 with an accompanying request for documents.

34. MetLife acknowledges receipt of counsel's notice of intent to file an appeal on May 4, 2016.

35. A copy of the Plan was requested from Sonoco.

36. Counsel for Sonoco Products refused to produce a copy of the Plan on June 8, 2016, as requested.

37. A copy of the Plan was requested again from Sonoco on July 6, 2016.

38. A request for an extension of time within which to file an appeal was requested by Plaintiffs and sent to MetLife on August 3, 2016, citing difficulty obtaining a copy of the Plan documents from Sonoco.

39. MetLife granted an additional thirty (30) days to file an appeal on August 10, 2016.

**H.  MetLife's Refusal to Extend the Timeline for Appeal**

40. Subsequently counsel for Brian P. and Amanda requested an additional sixty (60) days within which to file an appeal on September 9, 2016, again citing the inability to obtain a copy of the Plan documents from Sonoco.

41. MetLife denied an extension of the appeal period on September 22, 2016.

42. Counsel received a copy of the Plan documents, originally requested on June 2, 2016, on Monday, December 12, 2016.

43. On February 14, 2018, Counsel forwarded to MetLife a complaint, demand for payment, and additional medical and Workers' Compensation records pertinent to and not in counsel's possession prior to the appeal.

44. On March 8, 2018, MetLife acknowledged in writing receipt of Counsel's February 14, 2018 correspondence and advised that MetLife continued to review the appeal.

45. On March 26, 2018, MetLife sent additional correspondence notifying Counsel that an additional sixty (60) days would be necessary to review the new documents and make a determination.

46. On April 5, 2018, MetLife requested that counsel provide "[c]opies of office visits and treatment notes, diagnostic testing results, medications, prior planned surgeries, and hospital admission and discharge notes from December 16, 2014 to January 29, 2016" for the deceased, Brian M. Leavitt.

47. Counsel sent the requested records to MetLife on September 10, 2018.

48. On September 13, 2018, MetLife acknowledged receipt of the requested records and advised that another sixty (60) days was necessary to review and make a determination regarding the pending appeal.

49. On November 14, 2018, MetLife declined to "re-open the appeal" yet denied the appeal on entirely new grounds by alleging that the deceased's coverage for supplemental life insurance benefits ended June 30, 2015, for nonpayment of premium.

50. On December 11, 2018, Counsel submitted to MetLife a Benefits Confirmation Statement provided by Sonoco confirming coverage for Plan Year 2016.

51. On December 15, 2018, MetLife acknowledged receipt of Counsel's December 11, 2018 correspondence, advised that they were continuing to review the appeal, and that they would notify Counsel of their findings within sixty (60) days.

52. On January 3, 2019, and again on January 7, 2019, MetLife wrote to Counsel to inform them that Plaintiffs had exhausted their administrative remedies under the Plan and that no further appeals would be considered.

## COUNT I - ERISA

53. Plaintiffs reallege and incorporate paragraphs 1 – 52 of this Complaint as if fully set forth herein.

54. Pursuant to ERISA § 502(a)(1)(B), Brian P. Leavitt and Amanda L. Riendeau, as named beneficiaries under the Plan, are entitled to bring a civil action to recover benefits due to them under the terms of the Plan, to enforce their rights under the terms of the Plan, or to clarify their rights to future benefits under the terms of the Plan.

55. The Defendants have violated ERISA, 29 U.S.C. § 1001 et seq., 29 CFR 2560 et seq. and the provisions of the Plan under its plain language by refusing to provide Brian P. Leavitt and Amanda L. Riendeau with the supplemental life insurance benefits due to them under the terms of the Plan.

56. As set forth in the preceding paragraphs, Brian M. Leavitt properly enrolled for supplemental life insurance benefits under the Plan. Due to said enrollment, Sonoco deducted premium payments from Brian M. Leavitt's paychecks, and Metropolitan Life Insurance Company accepted Brian M. Leavitt's premium payments without question or comment. Furthermore, the plan provides that the Policy holder had elected to continue insurance by paying premiums for employees who cease Active Employment in eligible classes.

57. Nonetheless, the Defendants have refused to provide Amanda L. Riendeau and Brian P. Leavitt with the $196,000 due and owing to them under the terms of the Plan.

58. In denying Plaintiffs' claims, Defendants were improperly motivated and operated under a conflict arising from their breach of fiduciary and administrative duties, to wit: their internal policies were designed to escape liability for their breaches and they acknowledged the fact that they continued to process and accept premium payments but subsequently refused benefits.

59. By refusing to provide Amanda L. Riendeau and Brian P. Leavitt with the supplemental life insurance benefits due to them under the terms of the Plan, the Defendants have caused Amanda L. Riendeau and Brian P. Leavitt to suffer damage, including interest, attorney's fees, and costs. Accordingly, Amanda L. Riendeau and Brian P. Leavitt are entitled to relief under ERISA 502(a)(1)(B), and 29 U.S.C. § 1132(a)(1)(B).

WHEREFORE, Amanda L. Riendeau and Brian P. Leavitt respectfully request that this Honorable Court:

(a) Award Plaintiffs damages in the amount of $196,000 for their claim for supplemental life insurance benefits under the Plan pursuant to ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B);

(b) Award Plaintiffs prejudgment interest on the benefits awarded;

(c) Award Plaintiffs all attorneys' fees and costs incurred pursuant to ERISA § 502(g), 29 U.S.C. §1132(g);

(d) Award Plaintiffs such other and further relief as may be deemed just, equitable, and proper.

## COUNT II – CLAIM FOR PENALTIES

60. Plaintiffs repeat and reallege the facts contained in paragraph 1-52 of this Complaint as though fully set forth herein.

61. Plaintiffs are entitled to penalties in the amount of $110.00 per day due to Defendants failure and delay in producing the Plan documents as requested.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for penalties in the amount of $110.00 per day for each day the Defendant failed to produce the Plan documents requested.

Dated at New Gloucester, Maine this 1st day of March, 2021.

/S/ Robert M. Morris
Robert Morris ~ Bar No. 7187

/S/ Colton P. Gross
Colton P. Gross ~ Bar No. 5958

/S/ Robert W. Weaver
Robert W. Weaver, Esq., Maine Bar No. 4892

Attorneys for Plaintiffs

Irwin & Morris
60 Pineland Drive, Suite 202 Auburn Hall
New Gloucester, ME 04260
(207) 699-5106
rweaver@irwinmorris.com
rmorris@irwinmorris.com
cgross@irwinmorris.com

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I electronically filed the above document with the Clerk of Court using the CM/ECF system which caused a copy of this Plaintiffs' First Amend Complaint to be served electronically on all registered parties and counsel of record.

Dated: March 1, 2021

/s/ Robert W. Weaver
Robert W. Weaver, Esq., Maine Bar No. 4892
Attorney for Plaintiffs
Irwin & Morris
60 Pineland Drive, Suite 202 Auburn Hall
New Gloucester, ME 04260
(207) 699-5106
rweaver@irwinmorris.com